WILLIAMS (SEDAM v.). See Case No. 12,-609.

WILLIAMS v. SHALLCROSS. See Case No. 9.944.

---

## Case No. 17,737.
### WILLIAMS v. SINCLAIR.
[3 McLean, 289.] [1]

Circuit Court, D. Michigan. Oct. Term, 1843.

PLEADING—BILL OF PARTICULARS—NONSUIT, SETTING ASIDE.

1. Where a plaintiff is called on to furnish a bill of particulars, he is limited in his proof to the items thus made out.
[Cited in brief in Carroll v. Paul, 16 Mo. 228. Cited in Nichols v. Poulson, 6 Ohio, 308.]

2. If the bill be found to be erroneous, after the jury to try the case are empannelled, the plaintiff will have to suffer a nonsuit.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

3. A nonsuit will be set aside, in the discretion of the court, where justice requires it.

4. If there has been surprise, or the plaintiff has equity, the nonsuit will be set aside.

At law.

Mr. Bates. for plaintiff.
Goodwin & Collins, for defendant.

McLEAN, Circuit Justice. This action of assumpsit is brought on the following state of facts: The defendant was county treasurer in 1840, and as such made sales of lands at public auction, returned as non-resident land for non-payment of the taxes for the year 1837. At the sale, the plaintiff purchased a large number of tracts, on which he paid several thousand dollars, and received from the defendant, for each tract, the usual certificate of sale. The defendant, it is alleged, added several illegal items to the tax charges, and included them in the aggregate sum for which each tract was sold, thereby, as the plaintiff insists, rendering the sale illegal and void. Of the sums thus received the defendant paid over to the county the tax and interest, and retained the illegal charges; and this action is brought to recover the amount thus illegally exacted.

On the trial, the plaintiff having served the defendant with a bill of particulars, discovered that the items were erroneously put down, submitted to a nonsuit, with leave to move to set it aside. And now that motion is made.

This motion is addressed to the discretion of the court. Where a plaintiff has suffered a nonsuit, through gross carelessness, or where it is manifest from the trial that he is without merits, the court will not set aside the nonsuit. And in this respect, it comes under the rule applicable to a motion for a new trial. But where the plaintiff has been surprised, or where it is clear that he has merits, the nonsuit will be set aside. This will be done on both grounds, for the purposes of justice. As the court usually requires the plaintiff to pay, at least, the costs of the trial, if not all the costs that have accrued, no hardship is imposed on the defendant. If the defendant acted fraudulently, as alleged, in charging illegal items, as a part of the tax, which items he retained and did not pay over to the county or state, it is not clear that the plaintiff may not recover the amount. He cannot recover the illegal items from the owner of the land, as the owner can only be charged with the tax imposed by law. The county or state never having received the items, cannot be called on to refund them; and the defendant having received them without authority of law, may be compelled to account to the plaintiff. At least the facts show, that the plaintiff has a prima facie case.

The nonsuit is set aside, on the plaintiff's paying the costs of the term.