## JACKSON, Receiver, *v.* WALDRON.

*(Circuit Court, W. D. Tennessee.* December 18, 1880.)

1. PRACTICE—SETTING ASIDE NONSUIT—If no injury results to the defendant the court will set aside a nonsuit where it appears that the suit is meritorious and the plaintiff has been surprised by some defect which he did not discover in time to remedy.

2. SAME—CASE IN JUDGMENT—The affidavit of plaintiff's attorney stated that he mistook a seal to a deposition for the seal of the treasury department, and supposing he had competent proof to sustain his case went to trial, and was surprised to discover his mistake. *Held,* that under the Tennessee practice, the case being obviously meritorious, the nonsuit would be set aside notwithstanding the negligence of the attorney

*B. B. Barnes,* for plaintiff.

*George Gillham,* for defendant.

HAMMOND, D. J. This case was tried by stipulation without a jury. It was a suit by the receiver of a national bank upon a note for $8,000, to which, among other defences, by special plea, the defendant pleaded that the plaintiff was not receiver as alleged. The plaintiff offered his own deposition, to which was attached what purported to be a copy of his appointment, verified only by his own sworn statement that it was a true copy. This proof was rejected on objection by defendant as incompetent, because the appointment could only be authenticated by a proper certificate from the treasury department at Washington, as provided in the Revised Statutes. Rev. St. § 882 *et seq.* Thereupon the plaintiff voluntarily took a nonsuit, which he now moves to set aside on payment of

the costs, and to reinstate the cause upon the docket. This is resisted upon the ground that it was gross negligence not to be prepared with the proof, and the court should not tolerate a practice encouraging such negligence; and upon the further ground that the defendant, on a new suit being brought, wishes to change his defence to a special plea of *non est factum.*

The attorney for the plaintiff, in support of the motion, files his affidavit stating that the papers had been mislaid until a few days before the trial; that in looking over them he saw a seal and supposed it was the seal of the treasury department, and did not notice otherwise until the trial; and that he was misled because no objection was taken before the trial.

It is difficult to see how any one could mistake the mode of proof adopted in this deposition for that pointed out by the Revised Statutes, but the attorney here swears that he made that mistake, and the only question is whether the affidavit shows sufficient cause.

It was not formerly usual to grant a new trial after nonsuit, but for the sake of obtaining justice it may now be had in that as well as other cases. Tidd's Pr. 905; Bac. Ab. tit. "Nonsuit;" Comyn's Dig. tit. "Pleader, XI.;" *Sadler* v. *Evans,* 4 Burr. 1984. An affidavit showing cause is undoubtedly necessary, and this implies that there must be some good and sufficient reason moving the court to exercise its discretion to grant or refuse the motion. *Dearing* v. *Taylor,* 1 Tenn. 49; *Sharpless* v. *Sevier,* Id. 117; *McAllister* v. *Williams,* Id. 119; *Union Bank* v. *Carr,* 2 Humph. 345; *Trice* v. *Smith,* 6 Yerg. 319; *Sayers* v. *Holmes,* 2 Cold. 259.

We have no statute in Tennessee authorizing a court to set aside a voluntary nonsuit, but it is the constant practice to do it, as the above cases will show. The Code enacts that the plaintiff may, at any time before the jury retires, or before the cause is finally submitted to the court, take a nonsuit. T. & S. Code, 2964, 2966. Read in the light of the very able exposition of the common law on this subject found in the case of *Folger* v. *The Robert G. Shaw,* 2 Woodb. & Minot, 531, these statutes imply indulgence to the plaintiff

beyond the common-law rules in his favor, and, I think, suggest a more liberal policy than, without those statutes, we would be authorized to adopt. In *McAllister* v. *Williams, supra,* it is said that the setting aside a nonsuit so as to make way for a trial is more to be compared with the principles which govern the court in granting continuances than those which obtain in granting a new trial. And in *Williams* v. *Sinclair,* 3 McLean, 289, it is said, where a plaintiff has suffered a nonsuit through gross carelessness, or where it is manifest from the trial that he is without merits, the court will not set aside the nonsuit. But where the plaintiff has been surprised, or where it is clear he has merits, the nonsuit will be set aside. This will be done on both grounds for the purposes of justice. As the court usually requires the plaintiff to pay, at least, the costs of the trial, if not all the costs that have accrued, no hardship is imposed on the defendant. In *Sharpless* v. *Sevier, supra,* a failure to procure documentary proofs, after exertions made, was held sufficient, and I think all the Tennessee cases above cited indicate a very liberal practice on this subject.

The case of *Murray* v. *Marsh,* 2 Hayw. (N. C.) 472, decided by Mr. Chief Justice Marshall and Mr. District Judge Potter, coming as it does from that source, and our mother state, from which we have derived many of our laws, is strongly against the plaintiff here, and but for the considerations above mentioned, arising out of our own state practice, would be conclusive. In that case depositions supposed to be sufficient were rejected, because not properly taken; and it was held that if a plaintiff, supposing himself ready, press for trial, and it is found on trial that the testimony he relied on cannot be given in evidence as he expected, and he be nonsuited, the allegation of surprise shall not prevail to set aside the nonsuit." So, in *Thompson* v. *Thompson,* Id. 612, where an attested copy of a bill of sale was offered, in the absence of the original, a motion to set aside the nonsuit was refused, because that was not surprise but negligence. And see *Arrington* v. *Coleman,* Id. 489, and the cases cited in the note to *Rutledge* v. *Read,* Id. 428, (2d Ed. by Battle;)

*Person* v. *Davey*, 1 Murph. 115; *Lester* v. *Zachary*, 1 Carolina Law Reports, 50; *Wellborn* v. *Younger*, 3 Hawks. 205.

These North Carolina cases would forbid the setting aside this nonsuit; but, as it is clear that a new suit could be brought in this case, no injury can result to the defendant by re-instating this one, which is obviously a suit of merit on the part of the plaintiff. It seems to me this is a controlling consideration in the case. The court will, at least in Tennessee, lend a ready ear to applications of this character, if the suit of the plaintiff be meritorious; but will not consider them favorably if it appear that there is no merit in the plaintiff's case.

The defendant, under the circumstances, should be allowed to reform his pleadings, if he shall be so advised. The plaintiff will pay all the costs of the suit, and, upon their payment, let the nonsuit be set aside.

Motion granted.